FILED
JANUARY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 168

JUDGE HOLDERMAN
MAGISTRATE JUDGE BROWN

IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN COUNTRY INSURANCE COMPANY, an Illinois corporation,<br><br>    Plaintiff,<br><br>v.<br><br>YELLOW CAB COMPANY n/k/a CRA CAB COMPANY, a Delaware corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, American Country Insurance Company, by Alvin R. Becker of Beermann Swerdlove LLP, its attorneys, complaining of Defendant, Yellow Cab Company n/k/a CRA Cab Company, says as follows:

### I.
### Jurisdiction and Venue

1. At all relevant times, Plaintiff was and still is a corporation organized and authorized to transact business in the State of Illinois having its principal place of business in Cook County, Illinois.

2. Defendant was a corporation organized under the laws of Delaware and authorized to transact business in the State of Illinois. Defendant was initially incorporated under the name of Yellow Cab Company and subsequently caused its name to be changed both with the Illinois and Delaware Secretary of State as CRA Cab Company.

3. Defendant long ago ceased transacting business in any respect and therefore has no place or principal place of business other than the State of Delaware.

4. The events, transactions and occurrences herein described all took place within the Northern District of Illinois.

5. Jurisdiction and venue are authorized and proper pursuant to the provisions of 28 U.S.C. Sections 1332 and 1391.

## II.
## Cause of Action

6. Effective June 30, 1995 and for a term to June 30, 1996, Plaintiff issued and delivered to Defendant a certain Commercial Excess Liability Policy of Insurance, no ACE000-3152, a copy of which is made a part hereof as **Exhibit A** (the "Policy").

7. Pursuant to the terms and provisions of the Policy, Plaintiff's liability thereunder for each occurrence in the aggregate for a policy year was $3,750,000.

8. The Policy contains at its last page thereof a certain Indemnification Agreement executed by Yellow Cab Company. The Indemnification Agreement obligates Defendant to indemnify Plaintiff against any loss in excess of $350,000 up to $250,000 for each such loss by reason of the issuance of the Policy.

9. On or about November 22, 2006, pursuant to the Policy and for a loss occurring within the policy term, to wit: May 17, 1996, Plaintiff paid the following sums:

   a. To Marielle Turner:   $665,000

   b. To Shawntee Walker: $100,000

   Total:                 $765,000

10. Pursuant to the terms and provisions of the Policy, Plaintiff is entitled to indemnification and reimbursement from Defendant for all sums paid in excess of $350,000 for any one loss not to exceed $250,000 for any one loss. There is therefore due and owing from

Defendant to Plaintiff the sum of $250,000, plus interest thereon as authorized by law at the rate of 5% per annum until the entry of judgment.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $250,000, plus interest thereon at 5% per annum from and after November 22, 2006.

>Respectfully submitted,
>
>BEERMANN SWERDLOVE LLP
>Attorneys for Plaintiff
>
>By:   /s/   Alvin R. Becker
>      Alvin R. Becker One of Its Attorneys

Alvin R. Becker
Beermann Swerdlove LLP
161 North Clark Street, Suite 2600
Chicago, Illinois 60601
(312) 621-9700
Firm No. 80095